IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**Debbie Lynn Crouch**                                                                    Plaintiff

**Cause No. 3: 13-CV-061-JTK**

**Carolyn W. Colvin, Acting Commissioner,**                                      Defendant
**Social Security Administration**

### ORDER AFFIRMING THE COMMISSIONER'S DECISION

Debbie Lynn Crouch seeks judicial review of the denial of her application for disability insurance benefits and supplemental security income. Crouch did a lot of heavy manual labor in the past.[1] She last worked for Barton's delivering lumber and sheet-rock, and for Dillard's unloading and stocking merchandise.[2] Crouch stopped working after hurting her back.

Eight months later, Crouch applied for disability benefits.[3] She based disability on fibromyalgia, back problems, bipolar disorder, sleep apnea, depression, anxiety and high blood pressure.[4] She underwent back surgery the following month.[5] Despite back surgery, Crouch cannot return to her past work, but she maintains she can do no work.

---

[1]SSA record at pp. 138 & 155-62.

[2]*Id*. at p. 138.

[3]*Id*. at pp. 109 & 115.

[4]*Id*. at p. 137.

[5]*Id*. at p. 379.

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ determined Crouch has severe impairments — degenerative disc disease, fibromyalgia, and mood disorder[6] — but Crouch can do some sedentary work.[7] Because a vocational expert identified available work,[8] the ALJ determined Crouch was not disabled under the Social Security Act and denied the application.[9]

After the Commissioner's Appeals Council denied a request for review,[10] the ALJ's decision became a final decision for judicial review.[11]  Crouch filed this case to challenge the decision.  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

---

[6]*Id*. at p. 12.

[7]*Id*. at p. 13 (reducing sedentary work by the following: (1) occasional stooping, crouching, and overhead reaching; (2) interpersonal contact incidental to the work performed; (3) complexity of tasks is learned by demonstration or repetition within 30 days with few variables and little judgment; and (4) supervision required is simple, direct and concrete).

[8]*Id*. at pp. 40-41.

[9]*Id*. at p. 20.

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]*See* 42 U.S.C. § 405(g) (requiring district court to determine whether Commissioner's findings are supported by substantial evidence and whether

**Treating physician opinion**. Crouch challenges the ALJ's consideration of her PCP's medical opinion about her physical ability to work.[13] The PCP's opinion is reflected in a medical source statement and sets forth limitations precluding all work.[14] Crouch maintains the opinion was entitled to controlling weight because it is consistent with her well-documented complaints of pain from fibromyalgia, her back, and her right arm.

Under the treating-physician rule, an ALJ must give a treating physician's opinion "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."[15] The treating-physician opinion in this case is not supported by medically

---

Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13]Docket entry # 11, pp. 27-29.

[14]SSA record at pp. 554-55 (reporting the following limitations: (1) lift/carry less than 10 pounds occasionally and frequently; (2) sit for no more than six hours during eight-hour day for no more than 15 minutes at a time; (3) stand/walk for no more than two hours during eight-hour day for no more than 30 minutes at a time; (4) limited ability to push/pull with right hand; (5) limited ability to use foot controls with left foot; (6) no climbing, balancing, stooping, kneeling, or crouching; and (7) only occasional bending, reaching, handling, fingering, and feeling.

[15]*Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

acceptable clinical and laboratory diagnostic techniques and it is inconsistent with other substantial evidence. The PCP reported numerous physical limitations in the medical source statement, but recorded no physical limitations in the contemporaneous treatment note.[16] The treatment note documented normal gait and station, pain in the right arm with passive range of motion, tenderness in the low back with palpation, negative straight leg raise testing, and normal deep tendon reflexes. Normal gait, right arm pain, and low back tenderness do not support the disabling limitations set forth in the opinion. In addition, negative straight leg raise testing and normal deep tendon reflexes ruled out nerve root irritation which might support an allegation of disabling back pain. If a person is so disabled as to preclude all sedentary work, the treatment notes would likely document physical limitations. The ALJ did not err by giving the opinion less than controlling weight because no correlation exists between the limitations set forth in the opinion and the examination findings documented in treatment notes.

**Ability to do sedentary work**. Crouch also challenges the ALJ's determination that she can do some sedentary work.[17] She maintains she cannot sit long enough to do sedentary work. She also maintains he right arm is more restricted than just overhead

---

[16]*Id*. at pp. 559-61.

[17]Docket entry # 11, pp. 29-31.

reaching. She complains that the ALJ did not consider the psychological examiner's opinion that she cannot complete tasks in a timely manner. She contends the determination about her ability to work is not supported by substantial evidence.

"Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[18] For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to show Crouch can do some sedentary work. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[19] It is "a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[20]

The evidence in this case does not document very serious functional limitations t precluding all sedentary work. After back surgery, Crouch's neurosurgeon was happy with her progress.[21] Crouch reported an 80% reduction in pain.[22] "Straight leg raise test

---

[18]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (internal citation omitted).

[19]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[20]SSR 96-9p, *Pol'y Interpretation RulingTitles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[21]SSA record at p. 386.

[22]*Id*. at p. 385.

[was] negative bilaterally. Motor strength in the [legs was] preserved."[23] Crouch was "doing really well."[24] The neurosurgeon asked her to return in two months,[25] but Crouch did not return.

The following month, Crouch told her PCP that her pain had not improved.[26] Four months later, Crouch felt "well with no complaints;"[27] eleven months later, she felt well and reported a 70% reduction in pain with her medications.[28] The evidence about the back does not reflect functional limitation preventing sedentary work. Instead, it supports the ALJ's limitation on stooping and crouching.

The evidence about arm pain flowed from an at-home injury to the right elbow.[29] The same elbow was struck the year before at work, but that blow did not prevent Crouch working. The PCP sent Crouch to an orthopedist. Diagnostic imaging revealed a normal elbow; the orthopedist diagnosed severe tennis elbow.[30] Three months later,

---

[23]*Id.*

[24]*Id.*

[25]*Id.*

[26]*Id.* at p. 398.

[27]*Id.* at p. 539.

[28]*Id.* at p. 562.

[29]*Id.* at p. 259.

[30]*Id.* at p. 369.

the elbow was "much improved," with little tenderness and a full range of motion.[31] The orthopedist asked Crouch to return in six weeks, but Crouch did not return. The evidence about the right arm does not reflect a functional limitation that prevents all sedentary work. Instead, it supports the ALJ's limitation on overhead reaching.

The evidence of fibromyalgia flowed from the PCP's treatment notes. Although the notes provide no basis for diagnosing fibromyalgia, the notes show Crouch did "heavy" work despite fibromyalgia.[32] Nothing shows fibromyalgia imposed a very serious functional limitation preventing sedentary work. Instead, the evidence showed fibromyalgia had little bearing on Crouch's ability to work.

The evidence about the mental capacity flowed from the PCP's treatment notes and the psychological examiner's report of mental diagnostic evaluation. The treatment notes show the PCP prescribed psychotic drugs for depression and anxiety. The report shows mental impairment posed no serious limitation preventing sedentary work. Crouch told the psychological examiner that her medications controlled her moods fairly well. She explained that most of her depression flowed from pain.[33] Crouch

---

[31]*Id*. at pp. 366-67.

[32]*Compare id*. at p. 481 (working at Barton's; still having some fibromyalgia pain but less), *with id.* at p. 39 (classifying Crouch's last two truck-driving jobs as "heavy" exertional work).

[33]*Id*. at pp. 500-01.

denied problems interacting with others on the job.[34] She stopped working due to physical pain, not a mental impairment.[35]

The examiner opined that Crouch has the abilities to: (1) communicate and interact in a socially adequate manner, (2) communicate in an intelligible and effective manner, (3) cope with the typical demands of basic work-like tasks, (4) attend to and sustain concentration on basic tasks, and (5) sustain persistence in completing tasks.[36] These findings indicate Crouch has the mental capacity for working.

The only contrary finding is that Crouch "*does not* appear to have the capacity to compete work-like tasks within an acceptable timeframe."[37] Although this finding tends to preclude all work, the only reasonable interpretation of the statement — when considered in light of the entire report — is that the statement is an error. If a person can attend to and sustain concentration on basic tasks, and sustain persistence in completing tasks, she can complete work-like tasks within an acceptable time frame. Logically, the statement should have read, "The claimant *does* appear to have the capacity to complete work-like tasks within an acceptable time frame." Although the

---

[34]*Id*. at p. 502.

[35]*Id*. at p. 506.

[36]*Id*. at pp. 506-07.

[37]*Id*. at p. 507 (italics added).

ALJ did not expressly address the erroneous finding, the ALJ's determination implicitly, and properly, rejected the finding as a scrivener's error. Limiting interpersonal contact and eliminating complex tasks sufficiently accounted for any mental impairment flowing from mental illness and/or pain.

**Conclusion**. The ALJ made no legal error. A reasonable mind would accept the evidence as adequate to show Crouch can do some sedentary work. For these reasons, the court DENIES Crouch's request for relief (docket entry # 2) and AFFIRMS the decision denying the application.

It is so ordered this 13th day of September, 2013.

_____
United States Magistrate Judge